### Fred C. Rapp v. Cincinnati Plastic Relief Co. et al.

1. Past Due Indebtedness Essential to Appointment of Receiver.

A petition by a stockholder and creditor of a corporation alleging that a note upon which he is an indorser becomes due on the day of filing the petition does not allege a past due indebtedness within the meaning of Rev. Stat. 5845 (Lan. 9384), nor state a ground for appointment of a receiver.

Hamilton County.

2. ERROR IN APPOINTMENT OF RECEIVER CURED BY CORPORATE RATIFICATION.

Ratification by the board of directors of a corporation of the unauthorized act of its president consenting to the appointment of a receiver under a petition not asking for equitable relief nor stating any sufficient ground therefor, renders the error of the court in naming the receiver voidable only.

[Syllabus approved by the court.]

**W. B. Stier,** for plaintiff in error.

**A. E. Painter,** for defendants in error.

## PER CURIAM.

The object and prayer of the petition in this case, which was filed by a stockholder and creditor of the company, is not for the appointment of a receiver in aid of some equitable relief, but for the purpose of investing an officer of the court with all the ordinary duties and powers of the board of directors. The only allegation of the petition that indicates a different purpose is the following:

"The plaintiff further says that he is a stockholder in said company and that he has indorsed one note of $1,000 to the bank, which is included in the $9,000 aforesaid, and which is due and payable May 20, 1907, and that unless a receiver is appointed to preserve the equity in the real estate, the good will and business of said concern, he will suffer irreparable injury."

The petition was signed and sworn to on May 20, 1907, and it does not appear from the above allegation nor elsewhere in the petition that the note was past due and unpaid. Hence Rev. Stat. 5845 (Lan. 9384) does not apply.

The president of the corporation, as such officer, consented to the appointment of a receiver, and although this act was unauthorized it was subsequently ratified and approved by the board of directors, which ratification related back and gave validity to the original act of the president. 21 Am. & Eng. Enc. Law (2 ed.) 853.

The court may have erred in the original appointment of a receiver, but it had jurisdiction of the subject-matter and of the person, and hence its action was voidable only.

It does not appear from the evidence that the receiver had such interest in the action as would prevent his appointment.

The judgment will be affirmed.